34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
E.J. CONNER, Defendant-Appellant
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Lee SPAN, Defendant-Appellant
 Nos. 93-50221, 93-50222.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 25, 1994.
 
 MEMORANDUM*
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 E.J. Conner and Albert Lee Span appeal from their jury convictions on two counts of drug trafficking, arguing that there was insufficient evidence to support the convictions (Conner), that one of the defense attorneys was ineffective (Span), and that the district court erred by denying a motion for mistrial (Span).
 
 I. Conner
 
 2
 Relying principally on United States v. Bautista-Avila, 6 F.3d 1360 (9th Cir.1993) and United States v. Penagos, 823 F.2d 346 (9th Cir.1987), Conner argues that the evidence presented at trial was insufficient to convict him of either of the charges against him. In considering a challenge to the sufficiency of the evidence, we must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 In order to convict under 21 U.S.C. Sec. 846, three essential elements must be proven beyond a reasonable doubt: (1) agreement between the defendant and at least one other person to engage in criminal activity; (2) one or more overt acts in furtherance of that agreement; and (3) intent to commit the underlying substantive offense. United States v. Penagos, 823 F.2d at 348. The existence of a conspiracy may be proven by circumstantial evidence. Id. "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." Id. (citation omitted).
 
 
 4
 Viewed in the light most favorable to the government, the evidence presented showed that Yanez met Conner and the other defendants in a motel room where a six-kilo cocaine deal was arranged; Conner had the shoulder bag--later found to contain more than $85,000 in cash--in his possession at the time; Mendoza told Yanez that Conner and Span were the actual buyers; Nava, Yanez, and Mendoza spoke, either in person or over the telephone, of the drug deal in Conner's presence; Conner was part of the "caravan" to Indio where the drug deal was originally supposed to take place; Mendoza placed the money bag in the trunk of the car that Conner was driving; Conner's claim that he, Span, and Cager were going back to Los Angeles is inconsistent with evidence that they went in the opposite direction and, after renting a motel room, informed Mendoza and Zepeda of their whereabouts; Conner was observed by a surveillance team bringing the money bag to the motel room where his codefendants were; Conner was present, with Span, Zepeda, and Mendoza, when Yanez arrived; and Conner insisted that either he or Span would have to be present with the money at the drug sale, and Mendoza agreed that "one of the black guys" would have to be present.
 
 
 5
 In the light of this combination of direct and circumstantial evidence, it cannot be said that the jury acted unreasonably in finding Conner guilty of the conspiracy count. See Jackson v. Virginia, 443 U.S. at 319. Because Conner was charged with aiding and abetting, and not with exercising dominion and control over the cocaine itself, this same evidence was also sufficient to uphold his conviction on the possession count. See United States v. Mares, 940 F.2d 455, 460 (9th Cir.1991).
 
 II. Span
 
 6
 Span first argues that his trial counsel was ineffective. Because claims of ineffective assistance require a careful examination of the record, they are usually handled by way of collateral challenge under 28 U.S.C. Sec. 2255 rather than on direct review. See United States v. Davis, 15 F.3d 902, 911 (9th Cir.1994) (as amended). While it is true that "we may review such claims on direct appeal if (1) the record is sufficiently developed to permit review and determination of the issue or (2) the legal representation is so inadequate that the defendant was obviously denied his Sixth Amendment right to counsel[,]" id., we hold that the question presented in the instant appeal is more appropriate for collateral review after a fuller development of the record. Accordingly, we decline to reach the merits of this issue.
 
 
 7
 Span's second argument is that he should have been granted a new trial. We disagree. The prosecutor's single improper question, viewed in the context of the entire trial and the overwhelming weight of evidence against Span, did not rise to the level of a showing of manifest prejudice resulting in the violation of any of Span's substantive rights. See United States v. Duran, 4 F.3d 800, 803-804 (9th Cir.1993), cert. denied, 114 S.Ct. 894 (1994). The district court did not abuse its discretion by denying the motion for mistrial.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3